IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DEL ANDRA MCGILL,**

    **Plaintiff,**

vs.                                                    Case No.: 4:23-CV-00162-MW-MAF

**FDC TALLAHASSEE,**
et al.,

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Del Andra McGill, a prisoner proceeding *pro se,* filed a complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). ECF No. 1. Before the court is Plaintiff's second amended complaint. ECF No. 6. To date, in defiance of court orders, Plaintiff has not submitted the $402 filling fee or an application to proceed *in forma pauperis* (IFP). See ECF Nos. 3, 5. The Court screened the operative complaint as required under 28 U.S.C. § 1915A and construes Plaintiff's claims liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). This case should be dismissed because the complaint is a shotgun pleading, the claims are frivolous, and because Plaintiff failed to comply with court orders.

## I. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a plaintiff is proceeding *in forma pauperis*, and "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that— . . . the action . . . fails to state a claim on which relief may be granted." "The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal is appropriate here.

A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its

own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders," and the court may dismiss a claim without prejudice even for a minor violation of a court order. Id.; see also Dynes v. Army Air Force Exch. Serv., 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).[1]

## II. Plaintiff's Second Amended Complaint, ECF No. 6.

Plaintiff sued Federal Detention Center Tallahassee, a federal prison; an unnamed "Warden" of the prison; and the Bureau of Prisons (BOP), Regional Office in Atlanta, Georgia. ECF No. 6, pp. 1-3. All Defendants are sued in their official capacities only. Id. This complaint is as scant as Plaintiff's first two. Plaintiff claims he was housed illegally, in violation of 18 U.S.C. §§ 4001, 4042, and 4081, which led to his "attack[] by a higher classed inmate." Id., p. 5. According to Plaintiff, he suffered "physical

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Case No. 4:23-CV-00162-MW-MAF

damage," which was "documented by" Unit Manager Arnold and medical staff. Id. Plaintiff does not explain any of the circumstances relating to the attack, when or where the attack occurred in the prison, who attacked him, what his injuries were, or whether any prison staff were responsible for the attack or the prevention of the attack. Id., pp. 5-6. As relief, Plaintiff seeks $1,000,000 in punitive damages and $3,000 per day for each day he is housed in violation of the law. Id., p. 7. The amended complaint is a shotgun pleading and fails to state a claim for relief.

## III. Discussion

### A. Shotgun Pleadings are Impermissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "'Further, the allegations in the complaint 'must be simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix

v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015). No paragraphs are numbered here.

"A 'shotgun pleading' -- one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' -- does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed. The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff does not offer any set of facts attributable to any defendant. Legal conclusions are insufficient. Thus, dismissal is proper. Plaintiff is not entitled to multiple amendments. Nonetheless, it is futile for Plaintiff to amend for the reasons set forth.

B. Respondeat Superior Claims Fail

Plaintiff cannot pursue claims under a theory of vicarious liability. "It is undisputed that supervisory Bivens liability cannot be established solely on a theory of *respondeat superior*. A federal official's liability will only result from his own neglect in not properly superintending the discharge of his subordinates' duties." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (citations omitted). "Vicarious liability is inapplicable to Bivens and § 1983 suits." Id. In its order to amend, the court advised Plaintiff that these claims would likely

be dismissed. ECF No. 5. Nonetheless, Plaintiff presented the same in this latest complaint. It remains that the claims are subject to dismissal.

C. Bivens is Not Available for Monetary Damages against Defendants

The Supreme Court of the United States has recognized in Bivens an implied damages action to compensate persons injured by federal officers in only three instances: unreasonable searches and seizures, in violation of the Fourth Amendment; a Fifth Amendment gender-discrimination case; and an Eighth Amendment cruel and unusual punishment case. See Davis v. Passman, 442 U.S. 228 (1979); Carlson v. Green, 446 U.S. 14 (1980)

"An extension of Bivens [from federal agents] to agencies of the Federal Government is not supported." FDIC v. Meyer, 510 U.S. 471, 486 (1994). Only individuals may be subject to suit, not agencies or the United States itself. Id. This is particularly so given the outcome of Ziglar v. Abbasi, 582 U.S. 120 (2017). Ziglar raised a failure to protect claim, but the Court declined to extend Bivens. Accordingly, no relief is available.

D. Sovereign Immunity

Plaintiff's claims are also barred by sovereign immunity. Absent a waiver, the United States and its agencies are generally immune from suit. Loeffler v. Frank, 486 U.S. 549, 554 (1988). Sovereign immunity is jurisdictional in nature. United States v. Mitchell, 4663 U.S. 206, 212 (1983).

Absolute immunity of a defendant justifies the dismissal of a case as frivolous.

If Plaintiff is suing Defendants pursuant to the Federal Tort Claims Act (FTCA), the claims still fail. The FTCA is a limited waiver of sovereign immunity for the negligent actions of federal employees. See 28 U.S.C. § 1346(b). This waiver of immunity, however, is subject to some exceptions – relevant here is the discretionary function exception, which "precludes government liability for 'any claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Ochran v. United States, 117 F.3d 495, 499 (11th Cir. 1997).

Binding precedent holds that Sections 4042 and 4081 "do not mandate a specific, non-discretionary course of conduct for the BOP to follow in classifying prisoners and placing them in a particular institution . . . Congress intended to give BOP discretion in making its classification decisions and determinations about placement of prisoners." Cohen v. United States, 141 F.3d 1338, 1343 (11th Cir. 1998). Plaintiff's claims are identical those presented in Cohen. Cohen was attacked and injured by another prisoner

and alleged the BOP was negligent for placing a higher security level inmate in a minimum-security institution. Cohen could not succeed on his claims.

It remains a losing argument that "anytime a prisoner is injured by another prisoner, he can bring an action claiming the BOP was negligent in classifying the prisoner who committed the assault and placing him in the institution at which the attack occurred, or in not removing that prisoner based upon some prior incident, or in not restricting his movement, or in not providing more guards." Id. at 1344. The BOP's classification of prisoners and placement of prisoners involves "conduct or decisions that fall within the discretionary function exception." Id. at 1345. The same is true of Section 4001 -- BOP has broad authority regarding the classification and placement of inmates and provides no civil remedy to inmates. 18 U.S.C. §§ 4001, 3621(b). The discretionary exception shields the Defendants from liability.

E. Failure to Comply with Court Orders

The court previously advised Plaintiff of the deficiencies of his complaint, yet Plaintiff failed to cure them. See ECF Nos. 3, 5. The court also ordered Plaintiff to submit a proper IFP application or, alternatively, pay the filing fee by **June 8, 2023**; and, if he did not, the case would be dismissed. Id. Plaintiff ignored the court orders, did not pay the fee, and did not file an IFP application. Dismissal is appropriate.

## IV. Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as frivolous. Defendants are entitled to sovereign immunity and <u>Bivens</u> is inapplicable. Dismissal is also proper because the complaint is shotgun pleading; and Plaintiff failed to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. The case should be **CLOSED** with an Order adopting this Report and Recommendation directing the Clerk of Court to note on the docket the case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and counts as a strike.

**IN CHAMBERS** this 21st day of June, 2023.

s/ Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No.  4:23-CV-00162-MW-MAF